ELIZA M. BROWN ET AL. v. DELIA M. CLARK ET AL.

*Wife's control of her property—Tenancy by curtesy.*

The Revised Statutes of 1846 in creating a statutory estate by the curtesy, did not in any manner interfere with the wife's absolute control of the property during her lifetime, or with her right to dispose of it, but only subjected it after her death to the interest of the surviving husband as a limitation upon the inheritance.

The legislative power to subject any existing estate to the rights of tenancy by curtesy is the same as the power to modify the rules of descent for the subsequent transmission of property, and do not interfere with any constitutional right of the wife.

Error to Kalamazoo.  Submitted June 22.  Decided Oct. 6.

EJECTMENT.  Defendants bring error.  Affirmed.

*Edwards & Stewart* and *T. R. Sherwood* for plaintiffs in error.

*Balch & Shakespeare* and *Brown, Howard & Roos* for defendants in error.

COOLEY, J.  The action in this case is ejectment.  The facts are in the main undisputed.  In June, 1846, Joseph Brown purchased the lands now in controversy, and caused them to be conveyed to Irene F. Brown, his wife.  Irene F. Brown died March 4, 1847, leaving nine children surviving her.  Joseph Brown was then in possession of the land, and he continued to occupy it from that time until his death, which occurred in 1878.  In 1848 he inter-married with Eliza M. Brown, who survived him and is now his widow.  By her he had children who survived him.

After the death of Joseph Brown, the heirs at law of Irene F. Brown, who were children of Joseph Brown by his first marriage, brought this suit against Eliza M. Brown and two of her children, then living with her upon the land.  They defended, relying upon a title by the adverse possession of Joseph Brown from the time Irene F. Brown died, in 1847, till Joseph Brown's death in 1878.  In the circuit court this defense was not sustained and the plaintiffs had judgment.

The circuit judge tried the case without a jury, and there is no finding of facts.  We are not informed, therefore, whether he did or did not reach the conclusion that Joseph Brown, after his first wife's death, claimed to hold the land adversely to her heirs.  There was evidence which might support that conclusion, and there was also some of a contradictory nature.  The plaintiffs below claimed that Joseph Brown's occupation was that of a tenant by the curtesy, while the defendants denied that any such tenancy did or could exist under the laws then in force.  The question is

one of statutory construction, and the view taken by the defense may be stated as follows :

Tenancy by the curtesy, except so far as the right might then be in existence, was in effect abolished in 1844, by an act which gave to married women the complete enjoyment of their estates. Sess. Laws 1844, p. 77; Rev. St. 1846, p. 340, § 25. The Revised Statutes of 1846, which took effect March 1, 1847, created a statutory estate by the curtesy. *Hill v. Chambers* 30 Mich. 422. But these cannot constitutionally apply to the lands in dispute, for Irene F. Brown had acquired them in 1846, and her fee could not be limited by subsequent legislation. The estate was finally abolished in 1855. *Tong v. Marvin* 15 Mich. 60.

This is the argument. But we may concede that there was no curtesy between 1844 and 1847, and the argument will nevertheless fall to the ground. The statutory curtesy under the statutes of 1846 attached at the death of the wife, and not before. The rents, profits and income of the land up to that time belonged to the wife, (Rev. St. p. 340, § 25); and the surviving husband's interest only attached as a limitation upon the inheritance. There was no want of legislative authority, therefore, to make any existing estate subject to it; the power to do so was the same with the power to modify the rules of descent for the subsequent transmission of property. Its exercise interfered with and limited no constitutional rights of the wife, but left her in the full enjoyment of them all to the last moment. If she sold the land she conveyed the fee; if she continued the owner to the time of her death, she remained owner of the fee. There is no room for the suggestion that her constitutional rights were invaded.

It follows that Joseph Brown, after the death of his first wife, held the land as tenant by the curtesy. The judgment of the circuit court was right, and it must be affirmed with costs.

The other Justices concurred.